800 A.2d 905 (2002)
352 N.J. Super. 538
Robert J. TRIFFIN, Plaintiff-Appellant,
v.
QUALITY URBAN HOUSING PARTNERS, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 2002.
Decided July 2, 2002.
Robert J. Triffin, appellant pro se.
*906 Charles J. Sciarra, New York, NY, argued the cause for respondent (Jeffrey D. Catrambone, Trenton, on the brief).
Before Judges PRESSLER and PETRELLA.
PER CURIAM.
Plaintiff Robert J. Triffin appeals from an order of the Special Civil Part, Small Claims Section, dismissing his complaint following a bench trial. We reverse and remand.
Plaintiff is in the business of buying dishonored checks. See generally Triffin v. Somerset Valley Bank, 343 N.J.Super. 73, 777 A.2d 993 (App.Div.2001); Triffin v. Bridge View Bank, 330 N.J.Super. 473, 750 A.2d 136 (App.Div.2000); Triffin v. First Union Bank, NA, 319 N.J.Super. 72, 724 A.2d 872 (App.Div.1999); Triffin v. Cigna Ins. Co., 297 N.J.Super. 199, 687 A.2d 1045 (App.Div.1997). It is the purchase of such a check that has given rise to this action.
The relevant facts are straightforward. Defendant Quality Urban Housing Partners (maker) was the maker of a check in the amount of $500 dated February 4, 2000, payable to one Basil Hall. The face of the check indicates that it was given in payment of "pipes in basement." Hall cashed the check at the office of E-Z Check Cashing & Financial Services, Inc., assertedly in Jersey City. The check was, however, dishonored by the maker's bank, the maker having issued a stop payment order by the time the check reached the bank for collection. The check was stamped across its face with the legends "PAYMENT STOPPED" and "DO NOT PRESENT AGAIN." Plaintiff alleges that some five months later he purchased an assignment from E-Z Check of its rights in the dishonored check. A form of assignment was annexed to the complaint which recites, among other terms, the assignment to plaintiff of the assignor's claims against the maker and payee arising out of the dishonored check and the assignor's lack of knowledge of any facts by way of "set-offs, counterclaims, abatements, and/or defenses cognizable in law or equity which will render the claim legally unenforceable." The signature of the assignor is, however, illegible, and no corporate address or designation of the signatory is stated although the assignor is described as a corporation. Plaintiff, as assignee, demanded payment from the maker, and commenced this action when payment was declined.
The dishonored check was placed in evidence. The assignment document was not placed in evidence, apparently because it was before the court by way of its annexation to the complaint, and defendant does not deny having received a copy of it in that manner as well. Plaintiff's case otherwise consisted only of his brief testimony in which he stated that he had purchased the assignment and knew of no facts other than as stated therein. Defendant's cross-examination was equally brief and did not inquire at all into the assignment document itself. Both parties then rested but engaged in extensive argument by way of what was, in effect, summation although defendant styled its application as a motion for judgment based on plaintiff's asserted failure to show a prima facie case.
The case was approached by both parties and the court as if it were strictly a Commercial Code (U.C.C.) matter, N.J.S.A. 12A:3 and 12A:4. Accordingly, a great deal of argument and the court's rationale centered about such issues as allocation of burden of proof under the U.C.C. and more specifically N.J.S.A. 12A:3-308, and the status of both the assignor and the assignee as holders in due course pursuant to N.J.S.A. 12A:3-302. *907 As we understand the court's decision, the dismissal was based on its conclusion that plaintiff had failed to show that he was a holder in due course.
N.J.S.A. 12A:3-302a defines a holder in due course as one who takes an instrument for value, in good faith, and without notice of dishonor or any defense against or claim to it on the part of any person. It is clear that none of the exceptions to holder in due course status prescribed by N.J.S.A. 12A:3-302(c) applies.[1] It is also clear that plaintiff himself could not have been a holder in due course since he obviously took the check by assignment after it was dishonored and the "Stop Payment" order stamped on its face.
But as we view the matter, the only relevant holder in due course status was that of E-Z Check. That is to say, pursuant to N.J.S.A. 12A:3-413a, the maker's undertaking in issuing the check is that he will pay the instrument according to its tenor. If E-Z Check took that check as a holder in due course, it took it free of all claims by the maker against the payee and was accordingly entitled to the benefit of the maker's undertaking. N.J.S.A. 12A:3-305. Clearly then, if E-Z Check was a holder in due course at the time it took the check, it had recourse against the maker. It is undisputed that accordingly it also had the right to assign its claim against the maker pursuant to N.J.S.A. 2A:25-1. That is to say, it could not by endorsement after dishonor confer holder in due course status on a transferee but it could assign its claim against the maker. More specifically, defendant conceded at oral argument that a holder in due course has the right to assign any claim he has against the maker following the dishonor of the instrument and irrespective of the assignee's notice of the dishonor. Thus, in order for plaintiff to prevail against the maker in asserting E-Z Check's claim against it, plaintiff must only prove two facts: first, that E-Z Check was a holder in due course at the time it paid on the instrument and that E-Z Check's assignment to it was valid.
The question then is whether plaintiff proved each of these two dispositive facts. We have no hesitancy in concluding that he made a prima facie showing of E-Z Check's status as a holder in due course. It clearly appears that the check was regular on its face when paid by E-Z Check, and defendant made no effort at all to rebut that fact. Accordingly, plaintiff is entitled to that finding. We are satisfied, however, that that is not the case with respect to the asserted assignment.
To begin with, we note that although the assignment document was annexed to the complaint, its validity must be deemed to have been challenged by defendant's denial of the allegations of the complaint. Even aside from the fact that it was not introduced into evidence, we cannot say, in the absence of a legible signature and of a designation of the name and title of the corporate signatory, that the document can speak for itself as a business record pursuant to N.J.R.E. 803(c)(6). We do not mean to suggest that the trial judge could not have found, upon a proper factual foundation, that the assignment document was valid. But the fact of the matter is that the trial court did not address the validity of the assignment at all, having focused primarily on plaintiff's status as a holder of the check rather than as the *908 assignee of the claim of a holder in due course.
We are mindful that this case was tried in the Small Claims Section in which the rules of evidence may be relaxed, N.J.R.E. 101(a)(2)(A); discovery is permitted only on leave of court for good cause shown, R. 6:4-3(f); and the procedure is to a large extent informal. But even considering the character of that forum, we think it plain that critical facts must be proved and not merely assumed. We appreciate that the sum involved here is small, but we assume that plaintiff will continue to prosecute this business endeavor, and his proofs should leave nothing essential to extrapolation or inference. The remand we are constrained to direct for consideration of the validity of the assignment could have been avoided by inclusion in the assignment documents of an affidavit or certification by the assignor attesting to those facts that would confer holder in due course status on it and, of course, by inclusion in the assignment of the name and title of the person executing it, that person's signature, and the assignor's address.
The order dismissing the complaint is reversed and we remand for consideration of the validity of the assignment subject to such additional proofs as the trial court in its discretion shall allow. Judgment shall then be entered based on the court's findings on that issue. We do not retain jurisdiction.
NOTES
[1] N.J.S.A. 12A:3-302c provides that a holder does not become a holder in due course of an instrument by purchase of it at judicial sale or by taking it under legal process; or by acquiring it in taking over an estate; or by purchasing it as part of a bulk transaction not in regular course of business of the transferor.