875 A.2d 953

VALLEY NATIONAL BANK, PLAINTIFF–RESPONDENT, v. P.A.Y.
CHECK CASHING D/B/A UNITED CHECK CASHING, DEFEN-
DANT–APPELLANT, AND BALWINDER SINGH, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted May 11, 2005—Decided June 3, 2005.

Before Judges CONLEY, BRAITHWAITE and LISA.

*Joel C. Seltzer,* attorney for appellant.

*Sodini & Spina,* attorneys for respondent (*Patrick J. Spina,* of
counsel and on the brief).

PER CURIAM.

Defendant, P.A.Y. Check Cashing, appeals the final judgment
granted in favor of plaintiff, Valley National Bank, for the face
amount of a check issued by plaintiff, together with interest and
costs. One of the payees was a fictitious corporate party. Defen-
dant cashed the check, which bore a forged stamped endorsement
of the fictitious party, and delivered the proceeds to the co-payee,
a natural person, who has since absconded. The check was
ultimately paid and charged to plaintiff's account.

The trial judge determined that defendant breached its present-
ment warranties to plaintiff under the Uniform Commercial Code
(UCC), *N.J.S.A.* 12A:1–101 to 12–26; that defendant's conduct in
cashing the check in violation of the provisions of the Check
Cashers Regulatory Act of 1993, *N.J.S.A.* 17:15A–30 to –52, did
not, as a matter of law, satisfy defendant's obligation of "good

faith" under the UCC; and, as a result, defendant had no UCC defenses available to it.

On appeal, defendant argues:

*POINT I*

THE TRIAL COURT BELOW ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF VALLEY NATIONAL BANK WHERE FACT ISSUES REMAINED AS TO THE PARTIES GOOD FAITH AND REASONABLE COMMERCIAL STANDARDS OF FAIR DEALING RELATIVE TO TAKING THE CHECK IN QUESTION FOR COLLECTION, *N.J.S.A.* 12A:3–103, *N.J.S.A.* 12A:3–404(b)(2).

A. THE [LAW] DIVISION OPINION.

B. DEFENDANT UNITED CHECK, "P.A.Y." IS ENTITLED TO THE FICTITIOUS PAYEE DEFENSE UNDER *N.J.S.A.* 12A:3–404.

C. *N.J.S.A.* 12A:3–103 AT A MINIMUM CREATES A FACT ISSUE FOR TRIAL AS IT CONCERNS GOOD FAITH, HONESTY IN FACT AND REASONABLE COMMERCIAL STANDARDS FOR FAIR DEALING.

*POINT II*

THE STATUTORY TEST CALLING FOR REASONABLE COMMERCIAL STANDARDS OF FAIR DEALING REQUIRES A BALANCING OF THE VARIOUS ACTS TAKEN BY THE PLAINTIFF AND THE DEFENDANT TO DETERMINE LIABILITY.

We have considered these arguments and reject them. We affirm for the reasons set forth by Judge Christine L. Miniman in her written opinion reported at 378 *N.J.Super.* 406, 875 *A.2d* 1056 (Law Div.2005).

Affirmed.