**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0592-15T3

DENIS REGAN,

    Plaintiff-Respondent,

v.

GRIGGS FARM CONDOMINIUM
ASSOCIATION, INC.,

    Defendant-Appellant.

_____

        Submitted November 15, 2016 — Decided  May 12, 2017

        Before Judges Koblitz and Rothstadt.

        On appeal from the Superior Court of New
        Jersey, Law Division, Special Civil Part,
        Mercer County, Docket No. SC-0661-15.

        Griffin Alexander, P.C., attorneys for
        appellant (Jennifer L. Alexander, Robert C.
        Griffin, and David S. Cerra, of counsel and
        on the briefs).

        Denis Regan, respondent pro se.

PER CURIAM

    Defendant Griggs Farm Condominium Association, Inc. appeals

from the Special Civil Part's final judgment in the amount of $945

plus costs entered in favor of plaintiff Denis Regan, one of

defendant's members and unit owners. The trial court entered the judgment after it conducted a bench trial and found that defendant improperly removed a fence plaintiff had installed fifteen years earlier with defendant's permission. On appeal, defendant argues that it was authorized to remove plaintiff's fence pursuant to an agreement between the parties and it acted in accordance with its obligation to maintain a neighborhood scheme within the condominium. It also contends that even if its actions were wrongful, the award of damages "was too high." We disagree and affirm.

The material facts adduced at trial were not generally in dispute and can be summarized as follows. Plaintiff purchased a unit in defendant's condominium in September 2000. At that time, plaintiff paid for the construction and installation of a wooden fence along the rear of his unit's property. He did so with defendant's approval because the original contractor failed to construct them as originally planned. Plaintiff maintained his fence in a good condition.

Approximately fifteen years later, defendant exercised its authority under the condominium's by-laws and decided to have the wooden fences located between units replaced with vinyl fences. Defendant made that decision to establish uniformity throughout

the condominium in response to input it received from various unit owners.

Because defendant was only responsible for the fences between units, on July 10, 2015, it sent a notice and form for unit owners to complete about the plan to replace the privacy fences between units, making clear it would not pay the cost of replacing the rear fences.  The email stated:

> [The] Association will be starting the removal and replacement of the privacy fencing between the units . . . beginning . . . July 15th, 2015 . . . .
>
> Please remove all items from the wooden fences. . . .
>
> If you chose to have a rear fence with gate installed, please fill out and return the attached form . . . before July 20, 2015.

The form stated:

> During the 2015 fencing project, the Association will be replacing all privacy fences (the fences between each home) . . . . All 4 foot rear fencing with a gate is the responsibility of the homeowner.  The Association is not responsible to replace this section of the fence.

The notice advised unit owners that if they chose to replace the rear fence, they would be charged $945.  They were asked to notify defendant if they wanted or did not want a new rear fence installed at that price.  The notice did not state that if an owner did not

want to replace his or her rear fence, it would be removed without replacement.

Plaintiff chose not to replace his fence, which remained in good condition. Despite that election, defendant arranged for the removal of plaintiff's rear fence, without installing a new fence.

Plaintiff filed suit seeking $945 as damages. Plaintiff and defendant's property manager testified at the trial, and the court admitted into evidence documents offered by both parties. After considering the testimony and the other evidence, the trial court determined that the plaintiff was entitled to damages equal to the amount charged by defendant to replace the fence. The court found that the rear fence replacement was not part of the defendant's maintenance responsibility and therefore defendant had no right to simply remove the fence plaintiff installed with defendant's permission years earlier without compensating plaintiff.

After the court rendered its decision, the court's clerk entered judgment in the amount of $945 in favor of plaintiff. This appeal followed.

We begin our review by observing:

> [f]inal determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review: "we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the

> competent, relevant and reasonably credible
> evidence as to offend the interests of
> justice[.]"
>
> [Seidman v. Clifton Sav. Bank, S.L.A., 205
> N.J. 150, 169 (2011) (alteration in original)
> (quoting In re Tr. Created By Agreement Dated
> Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276,
> 284 (2008)).]

"[W]e do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (quoting State v. Barone, 147 N.J. 599, 615 (1997)). "[I]n reviewing the factual findings and conclusions of a trial judge, we are obliged to accord deference to the trial court's credibility determination[s] and the judge's 'feel of the case' based upon his or her opportunity to see and hear the witnesses." N.J. Div. of Youth & Family Servs. v. R.L., 388 N.J. Super. 81, 88 (App. Div. 2006) (citing Cesare v. Cesare, 154 N.J. 394, 411-13 (1998)), certif. denied, 190 N.J. 257 (2007). Our task is not to determine whether an alternative version of the facts has support in the record, but rather, whether "there is substantial evidence in support of the trial judge's findings and conclusions." Rova Farms Resort, Inc. v. Inv'r Ins. Co., 65 N.J. 474, 484 (1974); accord In re Tr. Created By Agreement, supra, 194 N.J. at 284. Legal conclusions, however, are reviewed de novo. See Manalapan

Realty v. Twp. Comm. of the Twp. of Manalapan, 140 N.J. 366, 378 (1995).

Applying this deferential standard, we conclude defendant's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), as the trial court's findings were supported by the sufficient credible evidence and its legal conclusions were correct. We add only the following brief comments.

There was no dispute that defendant was obligated to care for the condominium's common areas, but, having given permission to plaintiff to construct and install his rear fence, it could not then exercise its authority by compelling the removal of his fence without compensating him or replacing the fence, especially where there was no finding that the fence was in disrepair and in need of removal. There also was no evidence that defendant's permission to install the fence was limited in duration or subject to defendant's future determination that it could remove it at any time. Defendant recognized its lack of authority over the rear fences in the notice it sent to plaintiff, which made no mention of compelling plaintiff to remove his existing fence. Under these circumstances, removing plaintiff's property without compensation was not an act of good faith. See Billig v. Buckingham Towers Condo. Ass'n I, Inc., 287 N.J. Super. 551, 563 (App. Div. 1996)

(stating that an association's "fiduciary relationship requires that in dealing with unit owners, the association must act reasonably and in good faith").

Turning to defendant's challenge to the court's award of damages, and considering that this matter was tried in the Small Claims Division, where the rules of evidence are relaxed, see N.J.R.E. 101(a)(2)(A); see also New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 321 (App. Div.), certif. denied sub nom., MSW Capital, LLC v. Zaidi, 218 N.J. 531 (2014); Triffin v. Quality Urban Hous. Partners, 352 N.J. Super. 538, 543 (App. Div. 2002), we discern no abuse of discretion in the court's award. See Sandler v. Lawn-A-Mat Chem. & Equip. Corp., 141 N.J. Super. 437, 453 (App. Div.), certif. denied, 71 N.J. 503 (1976). The damages awarded by the trial court were properly supported by defendant's assessment for the cost of replacing plaintiff's fence. Defendant cannot be heard now to challenge that determination, especially without offering any evidence to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0592-15T3