**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3047-15T1

ROBERT J. TRIFFIN,

    Plaintiff-Respondent,

v.

DR. BINOD K. SINHA,

    Defendant-Appellant,

and

CABANAMAN POOLS & SPA, LLC,
a/k/a CABANA POOL, a/k/a
CABANAMAN,

    Defendant.

_____

Argued May 17, 2017 — Decided July 7, 2017

Before Judges Alvarez and Lisa.

On appeal from Superior Court of New Jersey,
Law Division, Special Civil Part, Monmouth
County, Docket No. DC-009465-15.

Edward Hanratty argued the cause for appellant
(Tomes & Hanratty P.C., attorneys; Mr.
Hanratty, of counsel and on the brief).

Robert J. Triffin, respondent, argued the
cause pro se.

PER CURIAM

Defendant, Dr. Binod K. Sinha, appeals from the February 25, 2016 order granting summary judgment in favor of plaintiff, Robert J. Triffin, against defendant in the amount of $10,081.60, inclusive of costs. Triffin's claim was based upon a $10,000 check defendant had issued to Cabanaman Pools & Spa, LLC (Cabanaman), which, in turn, cashed the check with S & S Check Cashing, Inc. (S&S). Unknown to S&S at the time it cashed the check, defendant had previously stopped payment. S&S assigned the check to Triffin, who brought this action against defendant.

Upon completion of discovery, Triffin moved for summary judgment. Judge Paul X. Escandon found that the undisputed material facts entitled Triffin to judgment as a matter of law. In a cogent and well-reasoned written decision included in his summary judgment order, the judge set forth his findings of fact and conclusions of law. We agree with Judge Escandon's analysis and conclusions and affirm substantially for the reasons he expressed in his written decision.

Defendant contracted with Cabanaman to perform services at his home for a contract price of $41,000. During the course of the work, defendant had paid a total of $31,000. Then, on August 8, 2015, he issued a check to Cabanaman for $10,000. The memo line stated the check was for "pool renovation."

On the same day the check was issued, Cabanaman presented it to S&S, which cashed the check and paid Cabanaman $9,779. At that time, S&S had no knowledge of any defenses, dishonor, or impediments with the check. Nothing on the face of the check indicated any contingencies for payment or raised any other facts or circumstances that might cast doubt upon the validity of the check.

When S&S presented the check to the bank, it was dishonored as a result of defendant's stop payment order. S&S assigned the check to Triffin for $6500. Triffin then brought this action against defendant.

In opposition to Triffin's summary judgment motion, defendant argued that S&S was precluded from attaining holder in due course status because the check was obviously a payment to a contractor performing home improvement work. Defendant argued that such contracts are subject to the stringent requirements of the Consumer Fraud Act (CFA) and accompanying regulations, and therefore S&S had a duty to investigate to be sure that none of the many potential violations of the CFA or regulations had occurred. Defendant makes the same argument on appeal.

Judge Escandon rejected this argument. He found that, based on the undisputed facts, S&S was a holder in due course and

Triffin, by virtue of the assignment, achieved the same status. The judge stated:

> As to the good-faith requirement under the Uniform Commercial Code ("UCC"), this Court recognizes that no language on the check in any way indicated that the payment was contingent on any condition requiring further inquiry or investigation. The memo line merely said pool renovation in the memo line. While the good faith standard imposed under the UCC could require the exercise of some due diligence on the part of the check cashing entity and/or on the part of the assignee, this Court is of the belief that the mere words "pool renovation," would not be sufficient to alert the check cashing entity or the assignee of any problem with the check issued by Defendant Dr. Sinha which would require further inspection.

The judge noted that any defenses defendant might have had against Cabanaman under the CFA could not be asserted against S&S or its assignee, Triffin. This is because there was no relationship between defendant and either of those parties. Defendant's relationship was with Cabanaman.

The judge concluded:

> This action seeks recovery upon a dishonored negotiable instrument, not upon a[n] unperformed home improvement contract. It is well settled that "[a] negotiable instrument, such as the check subject to this litigation, is defined as an unconditional promise or order to pay a fixed amount of money, if it: (1) is payable to the bearer, (2) is payable on demand, and (3) does not state any other undertaking or instruction by the person promising or ordering payment to

4

do any act in addition to the payment of money.["] See U.C.C. §3-104(a). Plaintiff Triffin has presented evidence sufficient to show that these criteria have been satisfied and that he is entitled to judgment. Defendant Dr. Sinha has failed to come forth with evidence creating a genuine issue as to a material fact in dispute.

Defendant also argues that summary judgment should have been denied because "[t]here is no evidence that S&S complied with the applicable regulations governing check cashing facilities and accepting the checks of business entities." Defendant relies on N.J.S.A. 17:15A-47, which requires licensed check cashing facilities to have on file a corporate resolution authorizing presentment of the check. See Triffin v. Liccardi Ford, Inc., 417 N.J. Super. 453, 458 (App. Div. 2011) (holding that N.J.S.A. 17:15A-47 sets a standard of commercially reasonable conduct by licensed check cashing facilities and compliance is necessary to satisfy the UCC's good faith requirement in order to achieve holder in due course status).

This is a correct statement of law. However, in his answer defendant failed to assert this contention as an affirmative defense. See R. 4:5-4. More importantly, defendant did not seek to establish through discovery the fact necessary to support this defense, namely that S&S did not have on file the required resolution of Cabanaman. Therefore, raising this point as a

theoretical defense is not supported by any evidence in the record and could not defeat summary judgment.

We review summary judgment dispositions de novo based upon our independent review of the motion record, applying the same standard as the trial court. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div.), certif. denied, 154 N.J. 608 (1998). We first decide whether there was a genuine issue of material fact, and if there was not, we then decide whether the trial court's ruling on the law was correct. Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Upon our de novo review, we agree with Judge Escandon that the undisputed facts entitled Triffin to judgment as a matter of law.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3047-15T1