**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1709-15T3

JOHN MAHONEY AND KARIN
PARKS,

    Plaintiffs-Respondents,

v.

JAMES MCGOWAN,

    Defendant-Appellant.

_____

Submitted March 15, 2017 — Decided  August 2, 2017

Before Judges Fuentes and Carroll.

On appeal from the Superior Court of New
Jersey, Law Division, Monmouth County, Docket
No. SC-0337-15.

James McGowan, appellant pro se.

The Wilton Law Firm, P.C., attorneys for
respondents (Brian T. Wilton, on the brief).

PER CURIAM

    Plaintiffs John Mahoney and Karin Parks filed a small claims

complaint against defendant James McGowan, their former landlord.

Plaintiffs sought to recover the $3000 they paid as a security

deposit.  The trial judge entered judgment in plaintiffs' favor,

finding that in sending an itemization letter by regular mail, defendant violated N.J.S.A. 46:8-21.1. Consistent with our holding in Reilly v. Weiss, 406 N.J. Super. 71, 80—81 (App. Div. 2009), we reverse and remand for the trial court to determine whether the legitimate costs the landlord itemized in his letter exceeded the amount of the original $3000 deposit.

Plaintiffs were represented by private counsel at trial. Mahoney, the only witness who testified in plaintiffs' case-in-chief, testified telephonically from Florida.[1] Defendant appeared pro se and testified in his own defense. The trial judge did not find credible Mahoney's testimony that he left the apartment in a

---

[1] We recognize the Rules of Evidence may be relaxed in Small Claims matters. See Triffin v. Liccardi Ford, Inc., 417 N.J. Super. 453, 461 n.5 (App. Div. 2011) (citing N.J.R.E. 101(a)(2)(A)). However, we expect the trial court to make some effort to comply with the well-established two-prong test for allowing a witness to testify telephonically. See State v. Santos, 210 N.J. 129, 141 (2012) (quoting Aqua Marine Prods., Inc. v. Pathe Comput. Control Sys. Corp., 229 N.J. Super. 264, 275 (App. Div. 1988)). As Justice LaVecchia explained:

> First, the court must determine whether the opposing party has consented to the testimony or whether there is a "special circumstance," also referred to as an "exigency," "compelling the taking of telephone testimony." Second, the court must be satisfied that "the witness' identity and credentials are known quantities" and that there is some "circumstantial voucher of the integrity of the testimony."
>
> [Ibid. (quoting Aqua Marine Prods., Inc., supra, 229 N.J. Super. at 275).]

"broom-swept condition." By contrast, the judge found defendant's testimony credible.

Specifically, the trial judge accepted defendant's testimony concerning the repairs he made and other related costs attributable to plaintiffs under the lease agreement. Plaintiffs left the residence owing $1100 for two weeks of rent. Additionally, plaintiffs painted certain rooms in the apartment in a "vibrant blue color." Defendant paid $430 to restore the apartment to its original paint color. Under the lease, plaintiffs were obligated to restore the apartment to the condition it was in before the start of their tenancy. Plaintiffs damaged approximately 120 square feet of flooring "in the rear room." Defendant paid $320 to restore the floor to its original condition. Plaintiffs "cut two dog holes in the door to let the dogs run through." Defendant replaced the two doors, paying $300 per door plus $150 for installation. Plaintiffs left unpaid a $310 water bill, which defendant paid on their behalf. Finally, plaintiffs consumed $208 worth of fuel to operate their hot water system.

The trial judge found defendant sent plaintiffs a letter itemizing all of these repair costs and unfulfilled obligations. However, the judge found defendant sent the letter by regular mail in violation of N.J.S.A. 46:8-21.1. To support this argument, plaintiffs' counsel cited our decision in Veliz v. Meehan, 258

N.J. Super. 1 (App. Div. 1992), without explaining how it applied to the issue raised in this case.[2] Defendant testified he did not send the letter by "certified mail or return receipt [because he] didn't know of that requirement." The judge concluded that under N.J.S.A. 46:8-21.1, defendant was required to send the letter "by personal delivery, registered or certified mail[.]" The record shows the judge believed himself obligated to follow a strict mechanical application of the statutory language and enter judgment in plaintiffs' favor in the amount of $3000.

We reverse. Defendant's failure to follow the literal requirements of the notice provision in N.J.S.A. 46:8-21.1 was at worst a technical violation of the statute. The violation was inconsequential because plaintiffs actually received the letter itemizing the deductions. As we held in Reilly v. Weiss, supra, 406 N.J. Super. 71, "despite the landlord's admitted statutory violations, the judge was required to 'determine the amount of th[e] offsets and, if they [we]re greater than the security deposit withheld, there [wa]s no deposit to return to the tenant and no valid basis for enforcing the notification requirement of the

---

[2] In Veliz, we held that "the landlord is obliged to return the security deposit within 30 days or explain in writing why he or she is not doing so. Failing such action, the tenant is entitled to recover twice the deposit under the statute." Veliz, supra, 258 N.J. Super. at 5.

statute.'"  Id. at 81 (quoting Penbara v. Straczynski, 347 N.J. Super. 155, 160—61 (App. Div. 2002)).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION