**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0060-15T3

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

PLAZA GIFT & JEWELRY, LLC,

    Defendant-Respondent,

and

JAMES RICKARD,

    Defendant.

_____

        Argued February 14, 2017 — Decided October 31, 2017

        Before Judges Espinosa and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Special Civil Part, Bergen
        County, Docket No. DC-003566-15.

        Robert J. Triffin, appellant, argued the cause
        pro se.

        Jeffrey T. Carney argued the cause for
        respondent.

PER CURIAM

    Plaintiff Robert J. Triffin appeals from an adverse judgment

against him in his Special Civil Part suit against defendants to collect on a $645 stop-ordered check issued by defendant Plaza Gift & Jewelry, LLC (Plaza). He also appeals from orders denying his motions for summary judgment and for reconsideration. Because we conclude plaintiff should have been granted summary judgment, we need not address the issues presented regarding the trial.

I.

Plaintiff's complaint alleged he purchased the dishonored check in question from a check cashing agency, Fair Lawn Financial Services LLC (FLFS) pursuant to an assignment agreement. The dishonored check and the assignment agreement between plaintiff and FLFS were attached as exhibits to the complaint.

The copy of the check attached to the complaint showed it was dated October 19, 2013, drawn on the account of Plaza Gift & Jewelry, LLC and made payable to James Rickard for $645. The back of the check reflects an endorsement by Rickard on October 19, 2013 and that FLFS apparently deposited the check on the same date. The check was apparently returned, unpaid, as a result of a stop payment order, on October 23, 2013.

In the assignment agreement, Tim Harty, a principal of FLFS, certified that FLFS transferred all of its rights to the check in question to plaintiff. FLFS warranted "that at the time it cashed the referenced check[]; it had no notice that the referenced

2                                          A-0060-15T3

check[] had been dishonored."

Plaza filed an answer in which it neither admitted nor denied plaintiff's allegations. In its counterclaim, Plaza alleged the complaint was filed in bad faith and that plaintiff knew he was not a bona fide holder in due course. In answers to interrogatories, Plaza stated Rickard sold what he purported was a gold chain and that, after he left the store, it was determined the chain was only gold plated. Plaza stated a stop payment order was placed on the check within fifteen minutes of Rickard's departure after discovering the identification information he had provided was false.

Plaintiff filed a motion for summary judgment.[1] In support of the motion, plaintiff filed a certification in which he asserted

---

[1] The statement of material facts submitted in support of the motion failed to comply with the requirements of Rule 4:46-2(a), which states:

> The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.

he "did not know of any claims or defenses of any parity [sic] to the payment of Plaza Gift's referenced check" at the time FLFS cashed the check. The aforementioned assignment agreement, in which Harty certified FLFS had no knowledge the check had been dishonored at the time it cashed the check, was also submitted in support of the motion.

An order was entered denying the motion with the following statement: "Contested Issue of Material Fact."

Plaintiff filed a motion for reconsideration; Plaza cross-moved for summary judgment and sanctions. The motion judge denied both motions. After plaintiff filed his notice of appeal, the motion judge issued supplementary findings of fact and conclusions of law in support of the orders denying summary judgment and reconsideration pursuant to Rule 2:5-1. In that supplementary statement, the motion judge stated plaintiff could not be a holder in due course because "he obviously took the check by assignment after it was dishonored . . . . And the stop order payment was on its face."

In his appeal, plaintiff argues the motion judge erred in denying him summary judgment because he was entitled to summary

judgment as a matter of law.[2] Plaza argues summary judgment was properly granted, contending plaintiff cannot be a holder in due course because he knew the check he purchased had been dishonored.

## II.

In reviewing a summary judgment decision, we view the evidence "in the light most favorable to the non-moving party" to determine "if there is a genuine issue as to any material fact or whether the moving party is entitled to judgment as a matter of law." Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)). We review questions of law de novo, State v. Gandhi, 201 N.J. 161, 176 (2010), and need not accept the trial court's conclusions of law. Davis v. Devereux Found., 209 N.J. 269, 286 (2012).

The facts here are largely undisputed. The question before us is, therefore, a purely legal one: whether plaintiff was a holder in due course despite his knowledge that the check had been dishonored when he purchased it.

Plaintiff's knowledge did bar holder in due course status pursuant to N.J.S.A. 12A:3-302(a), which states a holder in due course is the holder of an instrument if:

---

[2] Plaintiff also presents arguments regarding the judgment entered following trial which we need not address in light of our disposition of this argument.

(1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

(2) the holder took the instrument for value, in good faith, <u>without notice that the instrument is overdue or has been dishonored</u> or that there is an uncured default with respect to payment of another instrument issued as part of the same series, without notice that the instrument contains an unauthorized signature or has been altered, without notice of any claim to the instrument described in [<u>N.J.S.A.</u>] 12A:3-306, and without notice that any party has a defense or claim in recoupment described in subsection a. of [<u>N.J.S.A.</u>] 12A:3-305.

[(Emphasis added).]

This statute does not provide the only means to acquiring holder in due course status, however. An assignee who accepts an instrument knowing it has been dishonored can still be a holder in due course under the shelter rule, codified in <u>N.J.S.A.</u> 12A:3-203(b), which states the "[t]ransfer of an instrument . . . vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course" unless "the transferee engaged in fraud or illegality affecting the instrument."

Plaza does not dispute that plaintiff acquired the check through a valid assignment. Because there is no contention or evidence that plaintiff engaged in "fraud or illegality affecting

6

the check," he acquired "any right [FLFS had] to enforce the instrument." It follows that, if FLFS was a holder in due course, plaintiff acquired that status as a result of the assignment. See Triffin v. Liccardi Ford, Inc., 417 N.J. Super. 453, 457 (App. Div. 2011) (recognizing that if the check casher "was a holder in due course when it obtained the check from [payee], it could assign its interest in the check to [plaintiff] and he in turn could enforce [the check casher's] rights as its assignee").

We must then determine whether FLFS satisfied the criteria in N.J.S.A. 12A:3-302(a) to be a holder in due course. The first requirement addresses whether the instrument bore "such apparent evidence of forgery or alteration or is . . . otherwise so irregular or incomplete as to call into question its authenticity." No argument was made in the trial court or on appeal that the check was inherently suspect and our review of the check discloses no such infirmity.

The challenge to holder in due status here concerns the second requirement, that the holder had notice the check was dishonored. However, the only argument made in the trial court and on appeal is that plaintiff had knowledge the check was dishonored when he purchased it. There is no argument that FLFS knew Plaza had issued a stop payment order on the check before cashing it. Indeed, the

certification by Harty that FLFS had no knowledge regarding this is unrefuted.

As a result, there was no genuine issue of material fact that barred the legal conclusions that: FLFS was a holder in due course of the check and plaintiff was a holder in due course by virtue of the valid assignment from FLFS. Accordingly, summary judgment should have been granted to plaintiff.

Reversed and remanded for the entry of judgment consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0060-15T3