**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0542-22

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

JUMPINJAX KIDS CORP. and
DIANA SMITH,

    Defendants-Respondents,

and

VAUGHNISHA SCOTT,

    Defendant.

_____

Argued October 30, 2023 – Decided November 22, 2023

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-004261-22.

Robert J. Triffin, appellant, argued the cause pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Robert J. Triffin appeals from an August 25, 2022 order dismissing his complaint against defendants JumpinJax Kids Corp. ("JumpinJax") and its director Diana Smith ("Smith"). We affirm.

We discern the material facts from the record, viewing them in the light most favorable to plaintiff. See Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021). JumpinJax issued a paycheck drawn on its bank, Bank of America ("BOA"), to its employee, Vaughnisha Scott ("Scott") for $623.63. Scott presented the check for payment via electronic check deposit and was paid by BOA. Scott then presented the check for payment a second time to Garfield Financial Services d/b/a/ United Check Cashing ("United"). United was denied payment by BOA because it was a "duplicate presentment." After United was denied payment, plaintiff purchased United's interest and was assigned its rights in the dishonored check.

Plaintiff filed a complaint against JumpinJax, Smith, and Scott in the Special Civil Part, pursuant to N.J.S.A. 12A:3-414 and 12A:3-415, seeking to recover the amount of the dishonored check, pre-judgment interest, fees, and court costs. Plaintiff also claimed he was entitled to collect the amount owed on the dishonored check under the Federal Check Clearing for the 21st Century

Act, 12 U.S.C. §§ 5001 to 5018 (2003). ("Check 21 Act"). JumpinJax and Smith answered, stating they did not owe plaintiff because they previously paid the check plaintiff sought to enforce and attached a copy of their BOA statement showing the check was paid. Additionally, JumpinJax stated they did not issue a "stop payment" on the check, and they notified plaintiff that Scott had been paid on the check. Scott did not answer plaintiff's complaint.

The parties appeared before the Special Civil Part, and before the trial commenced, the judge summarized the facts, the documents brought to court as exhibits, and the relief sought by plaintiff as follows:

> [THE COURT:] I've reviewed the complaint and from what I can tell, this is a situation where a check had been cashed and then it was cashed again . . . . [T]he check, [No.] 7351[,] was paid on . . . [December 7, 2022]. . . . There was duplicate presentation. And I'm aware that defendant sent an email to [plaintiff] stating the check was issued to . . . Scott and was paid out.
>
> . . . .
>
> [F]rom what I understand, obviously this individual . . . cashed the check twice . . . and [plaintiff], you're seeking to have the party that issued the check be responsible for the fact that it was cashed twice, correct?
>
> [PLAINTIFF:] Yes, Your Honor.
>
> . . . .

3

[PLAINTIFF:] Your Honor, . . . JumpinJax[] has the obligation . . . to prove their defense and they have not set forth in their papers proofs to establish that as a matter of both federal and state law, the check in question was previously paid.

The court then entered an order dismissing the case against JumpinJax and Smith. The court also granted plaintiff default judgment against Scott in the amount of the check, $623.63, plus costs. This appeal followed.

On appeal, plaintiff argues as follows:

POINT I
Pursuant to the Supremacy Clause; 12 U.S.C. 5003's requirements to prove a non-original check was paid preempts New Jersey's conflicting check drawer's records standard in Triffin v. SHS Group, 466 N.J. Super. 460 (App. Div. 2021).

POINT II
The trial judge committed prejudicial and reversible[] error[] when she summarily assumed JumpinJax . . . has a 12 U.S.C. 5003 compliant copy of the original check JumpinJax used to pay its dishonored check.

"If, on a motion to dismiss based on [Rule 4:6-2(e)], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 4:46[.]" R. 4:6-2. Where "the motion was based upon evidence, including certifications, outside of the pleadings[,]" the court applies the summary

judgment standard. Roa v. Roa, 200 N.J. 555, 562 (2010). "Thus, a motion to dismiss under R[ule] 4:6-2(e) is effectually converted into a motion for summary judgment when the court relies on facts beyond the pleadings." Jersey City Educ. Ass'n v. City of Jersey City, 316 N.J. Super. 245, 254 (App. Div. 1998).

We review de novo the grant of summary judgment, applying the same standard as the motion judge. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting R. 4:46-2(c)). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "The 'trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366,

5

378 (1995)).  Summary judgment is properly granted "when the evidence 'is so one-sided that one party must prevail as a matter of law' . . . ."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)); see also Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014).

Plaintiff believes that because JumpinJax has neither its original paid check, nor a substitute check meeting the requirements of 12 U.S.C. § 5003(b), it cannot prove that it paid the dishonored check plaintiff seeks to enforce. Plaintiff cites Henson v. Santander Consumer USA Inc. for the proposition that in enacting a federal statute, "[the] [L]egislature says . . . what it means and means . . . what it says."  582 U.S. 79, 89 (2017) (first alteration in original) (quoting Dodd v. United States, 545 U.S. 353, 357 (2005)).  Plaintiff also cites the United States Constitution's Supremacy Clause, U.S. Const. , art. VI, cl. 2, to support the argument that the legal legend described in 12 U.S.C. 5003(b) is required for a substitute check to be considered "compliant" and protect JumpinJax from liability.  He asserts we held in Triffin v. Quality Urban Hous. Partners "it [is] plain that critical facts must be proved and not merely assumed." 352 N.J. Super. 538, 543 (App. Div. 2002).  Plaintiff argues JumpinJax did not present the original paid check as required by N.J.R.E. 1002 or a

6

12 U.S.C. § 5003-compliant substitute copy, and therefore, JumpinJax has "failed to satisfy its evidentiary burden under [N.J.S.A. 12A:3-308(b)]." Thus, he argues the matter must be remanded to determine whether JumpinJax has its original check or its compliant substitute check that was used to pay the employee who cashed the check twice, causing it to be dishonored.

As plaintiff acknowledges, these arguments were answered in SHS. However, he insists our previous decision is incorrect and must be reversed. In SHS, Triffin moved for reconsideration after the trial court held the defendant was not liable because the check was electronically deposited and paid by the defendant's bank before it was presented for payment a second time and dishonored. 466 N.J. Super. at 460. Triffin argued the "previously paid" defense was not available to SHS because the check had not been endorsed when it was first electronically deposited into the codefendant's account. Ibid. The trial judge relied on N.J.S.A. 12A:3-414(c), which discharges the drawer's obligation to pay if the check was accepted by a bank. Ibid. We affirmed the trial court's conclusion that the defendant was entitled to dismissal on its "previously paid" defense, because it had presented the court with proof that "clearly demonstrate[d] the check was processed and paid as a result of the electronic deposit." Id. at 470. In SHS, even though the check offered by the defendant

7

lacked an endorsement, the judge found that it, along with the defendant's bank statement showing the withdrawal, was adequate evidential support of the defense. We discern no error in our reasoning in SHS and affirm here for substantially the same reasons.

Plaintiff's claim that defendants did not satisfy their evidentiary burden is without merit. Scott signed and presented the check twice for payment, which plaintiff acknowledges is true. JumpinJax is not obligated to present the original check, nor the substitute check as described under 12 U.S.C. § 5003, as plaintiff argues. The purpose of the Check 21 Act is to "facilitate check truncation by authorizing substitute checks[,]" "foster innovation in the check collection system without mandating receipt of checks in electronic form[,]" and "improve the overall efficiency of the Nation's payments system." 12 U.S.C. § 5001(b)(1) to (3). It addresses the negotiation of instruments within the federal banking system, not the admission of evidence at a state court trial.

Here, the court found defendants had an immediately apparent and recognizable defense that extinguished plaintiff's claim to the dishonored check. The court had before it the check written by JumpinJax, submitted by plaintiff, and JumpinJax's BOA transaction statement showing the money was withdrawn when it was presented the first time. This substantial and credible evidence

supports the trial court's finding JumpinJax and Smith "are not the responsible part[ies]." Under N.J.S.A. 12A:3-414(c), after the check was initially cashed and paid by BOA, the liability of the drawer, JumpinJax, was discharged. The presence of an endorsement on the check as well as the fact it was paid out of JumpinJax's BOA account on December 7, 2020, the day it was issued, proves Scott presented the check twice, causing it to be dishonored.

Plaintiff's argument that JumpinJax's evidence was insufficient under N.J.R.E. 1002 is also without merit. N.J.R.E. 1003 permits the admission of duplicates "to the same extent as an original unless a genuine question is raised about the original's authenticity[,] or the circumstances make it unfair to admit the duplicate." The judge did not abuse her discretion in considering the evidence. Ehrlich v. Sorokin, 451 N.J. Super. 119, 128 (App. Div. 2017).

The substantial credible evidence before the court supports the trial judge's decision to dismiss plaintiff's claims against JumpinJax and Smith. Plaintiff received default judgment against Scott for the value of the check plus costs. Plaintiff is not without an avenue to recover on the dishonored check he purchased.

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

9

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10